Denver C. Snuffer, Jr. (3032)
Daniel B. Garriott (9444)
**NELSON, SNUFFER, DAHLE & POULSEN, P.C.**
10885 South State Street
Sandy, Utah 84070
Telephone: (801) 576-1400
Fax: (801) 576-1960

Jesse Riddle (6640)
10885 South State Street
Sandy, Utah 84070
Telephone: (801) 673-4349
Fax: (801) 576-1960

Attorneys for Plaintiffs

---

### IN AND FOR THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| LISA THOMAS, an individual; | |
| Plaintiffs, | COMPLAINT |
| v. | |
| KNIGHT ADJUSTMENT BUREAU, a Utah Corporation, STEPHEN G. KNIGHT an individual and MIKE SANCHEZ an individual; | Civil No. |
| | Judge |
| Defendants. | |

---

Plaintiff, Lisa Thomas ("Thomas"), by its undersigned attorneys claims against Defendants, as follows:

1.     This is an action for damages against the defendant for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et. seq., the Fair Debt Collections Practices Act 15 U.S.C. §§ 1691 et. seq., the Utah Consumer Sales Practices Act and common law claims.

1

## SUBJECT MATTER JURISDICTION

2.      Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1681p and 28 U.S.C. §§ 1331 & 1337 (federal question jurisdiction).

3.      This Court has supplemental jurisdiction to hear related state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES AND PERSONAL JURISDICTION

4.      Plaintiff is a resident of the State of Utah.

5.      Defendant, Knight Adjustment Bureau ("KAB") is a Utah corporation located in Murray, Utah.

6.      Through information and belief, KAB is owned, operated, managed and controlled by Defendant Stephen G. Knight who transacts business in the State of Utah.

7.      Through information and belief, Defendant Mike Sanchez claims to be a collection's manager at KAB who has contacted Plaintiff numerous times.

8.      Defendants are subject to the jurisdiction and venue of this Court.

## FACTS COMMON TO ALL CAUSES

9.      In 2006, Thomas had an appointment to meet with a therapist, Marilyn Little, relating to personal matters of Thomas' daughter.

10.      Thomas cancelled the appointment by leaving a voice mail and later contacted Little's office to confirm that they knew of the cancellation.

11.      Little's office agreed to the cancellation without fee or charge.

12.     Through information and belief, three years later, in 2009, Little retired and turned over all of her collection matters of $45 or more to KAB, including the Thomas account.

13.     Upon being contacted by KAB, Thomas disputed the debt both orally and in writing.

14.     Defendants continued to relentlessly harass and annoy Plaintiff in an attempt to collect a debt that was not owed and that had been at all times disputed by Thomas.

15.     Hoping to stop the harassment, Thomas paid the debt.

16.     Defendants reported the debt to the three major credit reporting agencies.

17.     Defendant KAB regularly and in the ordinary course of business furnishes information to consumer reporting agencies about consumer transactions or experiences with any consumer.

18.     Defendant KAB is a furnisher of information as contemplated by the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a) & (b).

19.     Defendant KAB has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter "inaccurate information").

20.     The inaccurate information includes, but is not limited to, accounts with Defendant's and personal identifying information.

21.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as an alleged debtor, and Plaintiff's creditworthiness.

22.     The inaccurate information consists of accounts and/or tradelines relating to a debt that was never owed by Plaintiff.

23.     Plaintiff has repeatedly disputed the inaccurate information concerning the account with Defendants, as well as with various credit reporting agencies.

24.     Plaintiff has also disputed the alleged debt owed to Defendants with all of the credit reporting agencies, who in turn sent information to the Defendants.

25.     Defendants failed to conduct timely and reasonable investigations after being notified by credit reporting agencies of Plaintiff's disputes.

26.     Defendants have willfully continued to report the inaccurate information to various credit reporting agencies.

27.     Despite Plaintiff's efforts, Defendants have deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the disputes.

28.     Despite Plaintiff's efforts, Defendants have failed to remove the inaccurate information, thus causing Defendant to be unable to refinance her home.

29.     Defendants have failed to accurately report the results of any investigations to all credit reporting agencies.

30.     Defendants have continued to report the inaccurate information about the Plaintiff.

31.     Plaintiffs' credit reports and files have been obtained from credit reporting agencies and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information reported by Defendants have been a substantial factor in precluding Plaintiff from applying for or from receiving known and

unknown credit offers and opportunities and from receiving favorable terms in financing and interest rates in credit offers that ultimately were made.

32.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss/use of funds, loss and credit and loan opportunities, excessive and/or elevated interest rates and finance charges and out-of-pocket expenses.

33.     As a result of Defendants conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiffs detriment and loss.

34.     As a result of Defendants conduct, Plaintiff has suffered a decreased credit score.

35.     At all times pertinent hereto, Defendants were acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment and under the direct supervision and control of Defendants.

36.     At all times pertinent hereto, the conduct of Defendants was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff stated therein.

37.     Defendant's actions violate the Fair Credit Reporting Act.

38.     Defendants also know that Plaintiff is a single mother that Plaintiff's husband died in a tragic accident and that Plaintiff is the sole provider of income in the home, making defendants acts unconscionable.

## CAUSES OF ACTION

## COUNT ONE: FAIR CREDIT REPORTING ACT

39.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40.     The acts of Defendants constitute willful violations of the FCRA, in violation of 15 U.S.C. § 1681n(a).

41.     In the alternative, the acts of Defendants constitute negligent violations of the FCRA, in violation of 15 U.S.C. § 1681o(a).

42.     Defendant's violations of the FCRA include, but are not limited to, filing false information and failing to properly investigate, review and correct false credit information upon notice of dispute as required by 15 U.S.C. § 1681s 2(a)(1)(B).

43.     As a result of said actions, Plaintiff is entitled to an award of actual, statutory, and punitive damages, as well as an award of costs and attorney fees.

## COUNT TWO:  DEFAMATION

44.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45.     At all times pertinent hereto, Defendants have published statements both orally and through writing to various credit reporting agencies, collection agencies and/or attorneys that are false and negative representations concerning Plaintiff's credit information and history.

6

46.     Defendants have published these statements each time Plaintiff has notified Defendants and credit reporting agencies of Plaintiff's dispute and each time a credit reporting agency has reinvestigated the dispute.

47.     The statements made by Defendants are false.

48.     Defendants have published these statements to at least three credit reporting agencies: (1) Equifax Information Services, LLC; (2) Experian Information Systems, Inc.; and (3) Trans Union, LLC.

49.     Defendants knew that the statements were false as Plaintiff had notified them that the statements were false as stated above, and Defendants continue to publish such statements.

50.     The written statements and publications constitute libel *per se*.

51.     The oral statements constitute slander *per se*.

52.     Despite repeated notices from Plaintiff, Defendant has acted with malice by failing to communicate the information provided in Plaintiff's disputes to credit reporting agencies in Defendant responses to the reinvestigation attempts of such credit reporting agencies.

53.     The statements were also published to various users of information, including but not limited to creditors to whom Plaintiff applied for credit.

54.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about serious injuries, damages, and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiff for the full amounts of actual, compensatory and punitive damages, as well as such other relief permitted by law.

7

## COUNT THREE:  NEGLIGENCE

55.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56.    Defendants' negligence consists of violating the FCRA as set forth above.

57.    Defendants' negligence consists of failing to conduct an investigation of the inaccurate information that Plaintiff disputed.

58.    Defendants' negligence consists of failing to review all relevant information concerning Plaintiff's account that was sent to Defendants.

59.    Defendants' negligence consists of failing to report the results of investigations to the relevant consumer reporting agencies.

60.    Defendants' negligence consists of failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Defendants originally furnished the information, despite requests by Plaintiff to do so.

61.    Defendants' negligence consists of failing to delete or correct the inaccurate information.

62.    Defendants' negligence consists of failing to note the disputed status of the inaccurate information on all credit reports.

63.    As a result of Defendants conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

64.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about serious injuries, damages, and harm to Plaintiff that are

8

outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief permitted under the law.

### COUNT FOUR:  UTAH CONSUMER SALES PRACTICES ACT

65.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

66.     Defendants are in violation of the Utah Consumer Sales Practices Act, Utah Code Annotated § 13-11-1 *et. seq.* ("the Act").

67.     Plaintiff is a "consumer" within the meaning of the Act.

68.     Defendants are "suppliers" within the meaning of the Act and as have been determined by this Court.

69.     Defendants have committed deceptive and unconscionable acts and practices prohibited by the Act by pursuing the collection of a debt that was not owed.

70.     Defendants have committed and continue to commit deceptive and unconscionable acts and practices prohibited by the Act by reporting a debt that was not owed.

### JURY DEMAND

71.     Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and in favor of Plaintiff, as follows:

a)      That Plaintiff be awarded statutory, actual, general, special and punitive damages;

b)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee;

c)      That the Court declare all defenses raised by defendants to be insufficient;

d)      That the Court issue an order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e)      That the Court grant such further and additional relief as is just in the circumstances.

DATED this __7__ day of October, 2011.

NELSON, SNUFFER, DAHLE & POULSEN, P.C.

s/ Denver C. Snuffer, Jr.

_____

Denver C. Snuffer, Jr. (3032)
Jesse Riddle (6640)

10